# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4366

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIFFANY L. MARKLE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:19-cr-00014-JPB-JPM-1)

Submitted:  June 25, 2021                                           Decided:  July 6, 2021

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John A. Schwab, PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP, Pittsburgh, Pennsylvania, for Appellant.  Shawn Michael Adkins, Assistant United States Attorney, Robert Hugh McWilliams, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiffany L. Markle appeals the district court's judgment after pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. The district court determined that her Guidelines range was 151 to 188 months in prison but granted a three-level downward departure and sentenced Markle at the low end of the departure range to 120 months. The district court denied her request for a lower sentence. On appeal, Markle's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether the district court erred by imposing a sentence of 120 months.[*] Markle was notified of her right to file a pro se supplemental brief but has not done so. We affirm.

"This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'"

---

[*] To the extent that Markle challenges the district court's decision not to grant a second downward departure under the Sentencing Guidelines, as opposed to a variance, we may not review the decision. *See United States v. Torres-Reyes*, 952 F.3d 147, 151 n.2 (4th Cir. 2020). We thus limit our review to the decision to deny a lower variant sentence.

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation omitted).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and citations omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (internal quotation marks and citations omitted). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, we "look at the full context" of those statements when evaluating them. *Id*. at 213.

"If the sentence 'is procedurally sound, [we] then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). A sentence within the Guidelines range is presumptively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citation omitted). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Markle's sentence is procedurally and substantively reasonable; and the district court did not err or abuse its discretion in denying her a lower sentence. The district court properly calculated her Guidelines range, granted a three-level downward departure, considered the § 3553(a) factors and Markle's arguments for a lower sentence, and adequately explained its decision. Moreover, she fails to rebut the presumption that her sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*